Abraham J. Colman (SBN 146933)
Email:   acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
Email:   fyu@reedsmith.com
Raagini Shah (SBN 268022)
Email:   rshah@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
Gallup, Inc., a Delaware Corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE C. MARR, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>GALLUP, INC., a Delaware Corporation,<br><br>        Defendants. | Case No. 3:13-CV-02465-WQH-WVG<br><br>**ANSWER TO COMPLAINT**<br><br>Compl. Filed:   October 11, 2013 |

Defendant The Gallup Organization ("Gallup") for itself and no other party, hereby answers Plaintiff Laurie Marr's Complaint, responding to the correspondingly numbered paragraphs thereof, as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Gallup admits only that Plaintiff has filed a putative class action complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"). Gallup denies that it engaged in any illegal, negligent, or willful act or omission, denies violating any provision of the TCPA or any other law, and denies that this action is appropriate for class treatment. Gallup is without sufficient information or belief to respond to the remaining allegations of Paragraph 1, and on that basis, denies such allegations.

## JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, this paragraph consists of legal conclusions to which no response is required.

3. Answering Paragraph 3 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Gallup is without sufficient information or belief to respond to the allegations of Paragraph 4, and on that basis, denies them.

5. Answering Paragraph 5 of the Complaint, Gallup admits that it is a Delaware Corporation. Gallup admits that it has a corporate offices at 901 F Street, NW, Washington, DC. Gallup admits that it has conducted business in the State of California. The remaining allegations of Paragraph 5 consist of legal conclusions to which no response is required.

## THE TELEPHONE CONSUMER PROTECTION ACT

6. Answering Paragraph 6 of the Complaint, this paragraph consists of legal conclusions to which no answer is required or refers to a document in writing which

speaks for itself and is the best evidence of its contents.

7. Answering Paragraph 7 of the Complaint, this paragraph consists of legal conclusions to which no answer is required or refers to a statute which is the best evidence of its contents.

8. Answering Paragraph 8 of the Complaint, this paragraph consists of legal conclusions to which no answer is required or refers to a document in writing which speaks for itself and is the best evidence of its contents.

9. Answering Paragraph 9 of the Complaint, this paragraph consists of legal conclusions to which no answer is required or refers to a document in writing which speaks for itself and is the best evidence of its contents.

## FACTUAL ALLEGATIONS

10. Answering Paragraph 10 of the Complaint, Gallup is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies them.

11. Answering Paragraph 11 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.

12. Answering Paragraph 12 of the Complaint, Gallup admits that it conducted business in the State of California and in the County of San Diego.

13. Answering Paragraph 13 of the Complaint, Gallup is without sufficient information or belief to respond to the allegations of Paragraph 13, and on that basis, denies them.

14. Answering Paragraph 14 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  To the extent a response may be deemed required, Gallup is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies them.

15. Answering Paragraph 15 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  To the extent a response may be deemed required, Gallup is without sufficient knowledge or information to form a

belief as to the truth of the allegations in Paragraph 15, and on that basis denies them.

16. Answering Paragraph 16 of the Complaint, Gallup is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies them.

17. Answering Paragraph 17 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies them.

18. Answering Paragraph 18 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies them.

19. Answering Paragraph 19 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.

20. Answering Paragraph 20 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies them.

21. Answering Paragraph 21 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.

## CLASS ALLEGATIONS

22. Answering Paragraph 22 of the Complaint, Gallup admits that Plaintiff purports to bring this action on behalf of a class, but denies that the action is suitable for class treatment.

23. Answering Paragraph 23 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the allegations of Paragraph 23 and denies that this action is suitable for class treatment.

24. Answering Paragraph 24 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the allegations of Paragraph 24 and denies that this action is suitable for class treatment.

25. Answering Paragraph 25 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the allegations of Paragraph 25 and denies that this action is suitable for class treatment.

26. Answering Paragraph 26 of the Complaint, Gallup denies the allegations therein and denies that Plaintiff or any other individual was harmed by any act of Gallup's or suffered any damage as a result. Gallup further denies that this action is suitable for class treatment.

27. Answering Paragraph 27 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the characterization of the relief sought by Plaintiff in this action in Paragraph 27. Gallup further denies that this action is suitable for class treatment and denies that any other class definition would render this action suitable for class treatment.

28. Answering Paragraph 28 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the allegations of Paragraph 28 and denies that this action is suitable for class treatment.

29. Answering Paragraph 29 of the Complaint and its subparts, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the allegations of Paragraph 29 and its subparts and denies that this action is suitable for class treatment.

30. Answering Paragraph 30 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be

ANSWER TO COMPLAINT

deemed required, Gallup denies the allegations of Paragraph 30 and denies that this action is suitable for class treatment.

31. Answering Paragraph 31 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the allegations of Paragraph 31 and denies that this action is suitable for class treatment. By way of further response, Gallup denies that Plaintiff has suffered irreparable harm and denies that an injunction is proper or that Plaintiff can satisfy the prerequisites for an injunction.

32. Answering Paragraph 32 of the Complaint, Gallup is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and on that basis denies them.

33. Answering Paragraph 33 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. To the extent a response may be deemed required, Gallup denies the allegations of Paragraph 33 and denies that this action is suitable for class treatment.

**FIRST CAUSE OF ACTION**

34. Gallup incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

35. Answering Paragraph 35 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.

36. Answering Paragraph 36 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that Plaintiff or any other person is entitled to any damages award or entitled to injunctive relief.

37. Answering Paragraph 37 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that Plaintiff or any other person is entitled to an award of attorney's fees and costs.

## SECOND CAUSE OF ACTION

38. Gallup incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

39. Answering Paragraph 39 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.

40. Answering Paragraph 40 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  By way of further response, Gallup denies that Plaintiff or any other person is entitled to any damages award.

41. Answering Paragraph 41 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  By way of further response, Gallup denies that Plaintiff or any other person is entitled to injunctive relief.

42. Answering Paragraph 42 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  By way of further response, Gallup denies that Plaintiff or any other person is entitled to an award of attorney's fees and costs.

## PRAYER FOR RELIEF

43. Answering Paragraph 43 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  By way of further response, Gallup denies that Plaintiff or any other person is entitled to any damages award.

44. Answering Paragraph 44 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  By way of further response, Gallup denies that Plaintiff or any other person is entitled to injunctive relief.

45. Answering Paragraph 45 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  By way of further response, Gallup denies that Plaintiff or any other person is entitled to an award of attorney's fees and costs.

46. Answering Paragraph 46 of the Complaint, this paragraph consists of legal conclusions to which no answer is required.  By way of further response, Gallup

denies that this action is suitable for class treatment and denies that Plaintiff is a proper class representative.

47. Answering Paragraph 47 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that Plaintiff or any other person is entitled to any relief.

48. Answering Paragraph 48 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that Plaintiff or any other person is entitled to any damages award.

49. Answering Paragraph 49 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that Plaintiff or any other person is entitled to injunctive relief.

50. Answering Paragraph 50 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that Plaintiff or any other person is entitled to an award of attorney's fees and costs.

51. Answering Paragraph 51 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that this action is suitable for class treatment and denies that Plaintiff is a proper class representative.

52. Answering Paragraph 52 of the Complaint, this paragraph consists of legal conclusions to which no answer is required. By way of further response, Gallup denies that Plaintiff or any other person is entitled to any relief.

Gallup further denies that Plaintiff is entitled to a trial by jury and denies that Plaintiff is entitled to any of the relief that she seeks.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class lack standing to bring or maintain the claims asserted in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part by the applicable statute of limitations, including but not limited to 28 U.S.C. § 1658.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part by laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class are barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, and/or other equitable doctrines.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because they have failed to mitigate their alleged damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Gallup expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may fall within the primary jurisdiction of the Federal Communications Commission.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class are barred in whole or in part because Plaintiff and others alleged to be

members of the purported class consented to, ratified, or acquiesced in all of the alleged acts or omissions of which they complain.

### TENTH AFFIRMATIVE DEFENSE

Gallup's conduct was privileged and/or justified.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to bring this Complaint on behalf of a class, this action cannot be maintained as a class action because, inter alia, Plaintiff does not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient for injunctive or equitable relief against Gallup.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class have waived any and all claims, rights and demands made by them in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class gave Gallup prior express consent for the telephone calls at issue in this action.  47 U.S.C. § 227(b)(1)(A).

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and others alleged to be members of the purported class had an existing business relationship with Gallup.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because any alleged acts or omissions of Gallup giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Gallup to avoid any such acts or omissions.  Gallup at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of others alleged to be members of the purported class may be barred because Gallup at all times complied in good faith with all applicable statutes and regulations.

### NINETEENTH AFFIRMATIVE DEFENSE

Gallup specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

### TWENTIETH AFFIRMATIVE DEFENSE

Gallup reserves its right to move to dismiss based on improper venue. 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Gallup reserves its right to challenge venue of this action in the Southern District of California based on the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. Section 1404(a).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Gallup.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff or others alleged to be members of the purported class suffered or sustained any loss, injury, damage or detriment, the same was directly and

proximately caused and contributed to by the intervening acts of others, and not by Gallup.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Gallup specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Gallup prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorneys' fees according to proof; and
4. For such other and further relief as this Court may deem just and proper.

DATED: December 2, 2013

                                      REED SMITH LLP

                                      By: /s/ Felicia Y. Yu
                                            Abraham J. Colman
                                            Felicia Y. Yu
                                            Raagini Shah
                                            Attorneys for Defendants
                                            Gallup, Inc., a Delaware Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# PROOF OF SERVICE

I, Candice A. Spoon, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071-1514. On December 2, 2013, I served the following document(s) by the method indicated below:

## ANSWER TO COMPLAINT

| | |
|---|---|
| ☑ | **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.casd.uscourts.gov |
| ☐ | **BY FACSIMILE:** by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. |
| ☐ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | **BY PERSONAL DELIVERY:** by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | **BY OVERNIGHT:** by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service. |
| ☐ | **BY EMAIL:** by transmitting via email to the parties at the email addresses listed below: |

– 1 –   Case No.: 3:13-cv-02465-WQH-WVG

PROOF OF SERVICE

| | |
|---|---|
| Douglas J Campion<br>Law Offices of Douglas J Campion<br>409 Camino Del Rio South, Suite 303<br>San Diego, CA 92108-3507<br>Telephone: (619)299-2091<br>Facsimile: (619)858-0034<br>Email: doug@djcampion.com; | Attorneys for Plaintiff<br>*Laurie C. Marr, on behalf of herself and all others similarly situated* |
| E. Elliot Adler<br>402 W. Broadway<br>Suite 860<br>San Diego, CA 92101<br>Telephone: (619)531-8700<br>Facsimile: (619)342-9600<br>Email: elliotadler@gmail.com | Attorneys for Plaintiff<br>*Laurie C. Marr, on behalf of herself and all others similarly situated* |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on December 2, 2013, at Los Angeles, California.

_____
CANDICE A. SPOON

US_ACTIVE-115047455.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –
PROOF OF SERVICE
Case No.: 3:13-cv-02465-WQH-WVG