UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:14-CV-20116-RSR

LAURIE C. MARR, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

GALLUP, INC., a Delaware corporation,

    Defendant.

## JOINT SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b)(2), Plaintiff Laurie C. Marr, and Defendant Gallup, Inc., file this Joint Scheduling Report:

**I.**     **Recommended Case Management Track:**

The parties believe this case should be placed on the "Complex Track" as described in S.D. Fla. L.R. 16.1(a)(2)(C). The parties believe that this case is uniquely complex and requires more time for the following reasons. First, this is a national class action lawsuit likely involving large amounts of electronic discovery relating to automated telephone calls. Additionally, this case is related to the following two putative class actions also pending before this Court: *Soto v. The Gallup Organization, Inc.*, Case No. 0:13-CV-61747-RSR and *Fox v. Gallup, Inc.*, Case No. 1:14-CV-20538-RSR. Kurt Soto, the named plaintiff in the *Soto* action, intends to file a motion to consolidate the three actions, and the parties expect that the cases will be consolidated.

**II.**     **Areas of discussion as required by Fed. R. Civ. P. 26(f):**

The parties recommend that discovery be conducted as set out in the Fed. R. Civ. P. and S.D. Fla. L. R. 26.1.

**(A)** **Initial Disclosures:** The parties agree to make initial disclosures, pursuant to Fed. R. Civ. P. 26(a), within 30 days of the Court's issuance of a scheduling order.

**(B)** **Subject and Timing of Discovery:** This Court has issued a scheduling order in the *Soto* action on November 15, 2014. Since the parties expect that this action will be consolidated with the *Soto* action, the parties believe that the scope of discovery will be essentially the same in this case as in the *Soto* action. Specifically, the parties currently intend to seek discovery with respect to all allegations contained in the Complaint and Answer and Affirmative Defenses. Plaintiff may serve on Defendant, and Defendant may serve on Plaintiff, interrogatories, requests for production, and request for admissions, in accordance with the Federal Rules of Civil Procedure and S.D. Fla. Local Rules of Practice. The parties will endeavor to complete discovery within the timeframe set by the Court in the *Soto* matter, but reserve the right to extend the *Soto* deadlines for good cause.

**(C)** **Electronically Stored Information:** The parties agree that electronically stored non-privileged information relevant to the disputed issues in this lawsuit will be produced in a manner consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida. While the parties each reserve all claims of privilege, immunities, and objections to discovery requests, they will each attempt to stipulate as to records custodian searches, the scope of production and searches, and other matters pertaining to electronic discovery.

**(D)** **Privilege and Trial Preparation Materials:** The parties anticipate that claims of privilege, confidentiality, trade secrets or protection of trial preparation materials may arise during the course of this litigation. The parties agree that the standard procedures contained in Fed. R. Civ. P. 26(b) will govern any such claims.

**(E)** **Limitations on Discovery:** The parties do not anticipate any changes or limitations on the scope of discovery imposed under the Fed. R. Civ. P. or the S.D. Fla. Local Rules.

**(F)** **Other Orders:** The parties may request the Court to enter a protective order governing the treatment of confidential or trade secret information in accordance with Fed. R. Civ. P. 26(c) and 16(b).

**III. Areas of discussion as required by S.D. Fla. L.R. 16.1(b)(2):**

**(A)** **Likelihood of Settlement:** At this time, the likelihood of settlement is unknown. Notwithstanding, the parties will make a good faith effort to settle, and should the matter be settled, the parties shall promptly notify the Court of same. The parties are aware that the Court set deadlines for mediation in the *Soto* matter.

**(B)** **Likelihood of Appearance in this Action of Other Parties:** At this time, the likelihood of appearance in this action of other parties is unknown.

**(C) Proposed Limits on the Time:**

The parties propose that time limits set in this case shall be essentially the same as those set in the *Soto* action, as the parties expect that the actions will be consolidated. However, the parties reserve the right to extend the following deadlines for good cause.

(i) **Last Day To Amend Pleadings Or Join Additional Parties:** April 30, 2014.

(ii) **Last Day To file Proposed Order Scheduling Mediation,** setting forth the name of the mediator and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation: June 23, 2014;

(iii) **Last Day To Complete Fact Discovery:** October 24, 2014;

(v) **Last Day To Complete Mediation:** November 26, 2014;

**(v) Last Day To Complete Expert Discovery:** January 30, 2015 (with the Plaintiff's expert disclosures under Rule 26 due on November 21, 2014, Defendant's expert disclosures under Rule 26 due on December 19, 2014, and rebuttal expert disclosures due within 28 days following the opposing party's expert disclosures;

**(vi) Last Day To File Dispositive Motions:** February 13, 2015.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:** Defendant intends to file a motion to stay this lawsuit under the doctrine of primary jurisdiction, in light of three Petitions for Declaratory Ruling that are currently pending before the Federal Communications Commission ("FCC"), the administrative body given power over interpretation and construction of the TCPA. The three Petitions for Declaratory Ruling pending before the FCC request clarification on the definition of an "automated telephone dialing system" (or "autodialer") under the Telephone Consumer Protection Act ("TCPA"). Defendant believes that a decision from the FCC on these Petitions will greatly aid the resolution of this case, such that a stay is warranted. In addition, the parties shall meet prior to the date of the Court ordered pretrial conference to attempt to agree on all facts and issues that will simplify the matters to be considered by the Court. The parties also propose a February 13, 2015 deadline for the filing of dispositive motions.

**(E) The necessity or desirability of further amendments to the pleadings:** Plaintiff does not anticipate the need to amend the pleadings at this time, but reserves the right to do so following initial discovery.

**(F) The possibility of obtaining admissions of fact and documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding**

**authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The parties will attempt to stipulate to as many facts and documents as possible. At this time, it is unknown the parties will need advance ruling of the Court on admissibility of evidence; if the need arises, the parties will promptly file the appropriate motion(s) with the Court.

(G) **Suggestions for the avoidance of unnecessary proof and of cumulative evidence**: The parties agree to consider stipulations, including regarding the authenticity of documents and undisputed facts, to narrow the issues for trial.

(H) **Suggestions on the advisability of referring matters to a Magistrate Judge or Master:** The parties do not consent to the referral of matters to a Magistrate Judge or Master.

(I) **A preliminary estimate of the time required for trial:** The parties agree that a 1 to 2 week trial is probably appropriate given the facts of this case.

(J) **Requested date or dates for:**

    (i) **Conference before trial:** Unknown at this time.

    (ii) **Final pretrial conference:** June, 2015

    (iii) **Trial Period begins:** July 18, 2015

(K) **Any other information that might be helpful to the court in setting the case for status or pretrial conference:** The parties expect that this case will be consolidated with the *Soto* and the *Fox* actions. Defendant intends to file a motion to stay this lawsuit under the doctrine of primary jurisdiction.

CASE NO. 1:14-CV-20116-RSR

Respectfully submitted,

/s/ Dora F. Kaufman
J. RANDOLPH LIEBLER, ESQ.
Florida Bar No. 507954
E-mail: JRL@lgplaw.com
DORA F. KAUFMAN
Florida Bar No. 771244
E-mail: DFK@lgplaw.com
*Attorneys for Gallup, Inc.*
Liebler, Gonzalez & Portuondo
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

/s/ Douglas J. Campion
Douglas J. Campion, Esq.
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, CA 92018
Telephone: (619) 299-2091
Facsimile: (619) 858-0034
E-mail: doug@djcampion.com

E. Elliott Adler, Esq.
ADLER LAW GROUP, APLC
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone: (619)531-8700
Facsimile: (619)342-9600
*Attorneys for Plaintiff Laurie C. Marr*

Respectfully submitted,

/s/ Felicia Yu
Felicia Yu, Esq.
Reed Smith, LLP
335 S. Grand Ave., Ste 2900
Los Angeles, CA 90061
T: 213-457-8000
F: 213-457-8080